## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | ) |
| EVELYN SMITH-ASBERY | ) |

## AFFIDAVIT IN SUPPORT OF COMPLAINT
## (TO BE FILED UNDER SEAL)

Your Affiant, Federal Bureau of Investigation (FBI) Special Agent Trevor Jorg, swears and deposes:

1. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) since August 27, 2023. I graduated from the FBI Academy and received training in interview and interrogation techniques, search warrant applications, the execution of searches and seizures, the drafting of search warrant affidavits, probable cause, and other various criminal laws and procedures. I am currently assigned to the FBI Columbia Division, Violent Crimes Squad, where I have also received on-the-job training in the investigation of cases involving violent crime, fugitives, gangs, and violent crimes against children.

2. As a Special Agent with the FBI, I am authorized to investigate violations of United States laws and to execute warrants under the authority of the United States. This affidavit is based on my own personal participation in this investigation as well as information provided by other law enforcement officers.

3. Since this affidavit is being submitted for the limited purpose of obtaining an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts I believe are necessary to establish the foundation for an arrest warrant on Evelyn Smith-Asbery.

4. I am submitting this affidavit in support of my belief that there is probable cause to establish that the defendant has extorted ████████████████████████████████, in violation of Title 18, United States Code, Section 875(d).

5. On August 1, 2025, FBI Columbia opened a criminal investigation into the extortion of United ████████████████████████████. On July 13, 2025, ████ went to an illegal gambling establishment, in Neeses, South Carolina (SC). While at the illegal gambling establishment, ████ encountered a female named Evelyn Smith-Asbery. ████ and Smith-Asbery had a short conversation. ████ did not initially know who Smith-Asbery was, but she explained she was the girlfriend of Christopher Johnson. Johnson is a current Bureau of Prisons (BOP) inmate, who ████ previously supervised. Johnson is currently serving a five-month revocation sentence with a projected BOP release date of September 12, 2025. After Smith-



Asbery explained who she was, ▮ recognized her. ▮ had previous communication with Smith-Asbery in person and over the phone during his supervision of Johnson. ▮ and Smith-Asbery did not talk to each other again that day.

6.  On July 29, 2025, ▮ received a phone call from Smith-Asbery, from telephone number (803) 378-6916. During the phone conversation, Smith-Asbery referred to ▮ as a "dirty cop" because he sent Johnson to prison. She also stated she has a 10-minute video of ▮ playing on poker machines and that he needs to pay her money by Monday, August 4, 2025, or she would report him to his supervisor. ▮ told Smith-Asbery, "do what you need to do," and terminated the phone call. ▮ immediately reported the incident to his supervisor. On the same day, ▮ received a message from Smith-Asbery. The message included a photo of ▮ at the illegal poker establishment and the text said, "Kiss retirement goodbye." On July 31, 2025, ▮ received another message from Smith-Asbery. The message included a text that said, "Hello ▮ After the text, Smith-Asbery attached a photo of ▮ white truck. Underneath the photo of the white truck, Smith-Asbery asked, "Is this your truck?"

7.  On August 3, 2025, ▮ received another message from Smith-Asbery. The text said, "Tomorrow is Monday though! I gave you a week to think on it!" the message was followed by a screenshot of what appears to be the inside of the illegal poker establishment. Following the screenshot is a text that says, "Down goes ▮ now do you or do you not have due diligence to report illegal gambling or do you have legal right to be in an illegal gambling facility? Hmm let's ask Ritter your supervisor and the doj Monday (kiss emoji) this is one min of a 10 min video. You remember saying I don't have proof of you doing anything illegal? That's not you? Or you wanna see the part you walking out with the printout of winning something lol." The above text is followed by a photo of ▮ at the illegal gambling establishment with a white circle drawn around ▮ hand that is carrying a bag. ▮ did not reply to any messages from Smith-Asbery. Smith-Asbery did not report ▮ to his supervisor on August 4, 2025.

8.  ▮ authorized FBI Columbia to conduct a consensual monitoring telephone call between himself and Smith-Asbery. On August 6, 2025, FBI Columbia recorded two attempted telephone calls from ▮ to telephone number (803) 378-6916. Both calls went directly to voicemail. When ▮ supervised Johnson, he had contact with Smith-Asbery on her telephone number of (803) 387-4829. After both calls to (803) 378-6916 went to voicemail, ▮ called (803) 387-4829. Smith-Asbery answered the phone. Below is a transcription of the call:

▮ Hello?
**Smith-Asbery**: Hello?
▮ Yeah, can I speak to Evelyn?
**Smith-Asbery**: This is her.
▮ Evelyn. Hey, this is ▮ How are you doing? Can you hear me?
**Smith-Asbery**: Yeah, I can hear you.
▮ I've been thinking about when you called me the other day and I appreciate you not going to talk to my supervisors and all that. I've been thinking about this thing a lot and I'm glad you didn't, and I was just trying to figure out exactly what are you wanting out of me?

**Smith-Asbery**: I just want some cash. Unintelligible (UI). I just don't like the way you handled things; you know with my boyfriend (UI). But yeah, I just want some cash, and I'll delete the videos and get rid of that phone with no problems.

▮▮▮ What are you talking about cash?

**Smith-Asbery**: What do you think is reasonable?

▮▮▮ I don't know. I mean I don't have a lot of cash, but.

**Smith-Asbery**: If you get me 10,000 today, I'll get rid of it.

▮▮▮ Well, I would have to work and get on and try to find, you know I don't have that right on me. It would take me a little bit of time to try to get it.

**Smith-Asbery**: Okay. If you can get it to me by Monday, we'll be good.

▮▮▮ By Monday?

**Smith-Asbery**: Yes sir.

▮▮▮ Alright. How am I going to get it to you?

**Smith-Asbery**: You can meet me where I saw you at.

▮▮▮ don't even know if I want to go back down there. How about, you still in Aiken?

**Smith-Asbery**: I mean we both on the line there. So, I mean you safe there. That's where I feel safe. And you safe there with me.

▮▮▮ Okay.

**Smith-Asbery**: We both safe there.

▮▮▮ Okay.

**Smith-Asbery**: Yeah, we're both safe there. You don't have to worry about no police. I don't have to worry about police. Other than you.

▮▮▮ Alright well let me, give me some time and see what I can come up with and you want to call me back in couple of days? Or a day or two?

**Smith-Asbery**: You can. You can call me back. You've got my number and yeah you can call me back.

▮▮▮ Okay.

**Smith-Asbery**: Monday. If you don't call me back by Monday, I'll call you back Monday.

▮▮▮ Okay sounds good.

**Smith-Asbery**: Alrighty.

▮▮▮ Alright.

**Smith-Asbery**: You have a good day.

▮▮▮ You too, bye.

9. FBI Columbia received calls from BOP between Smith-Asbery and Johnson. On July 13, 2025, Smith-Asbery called Johnson and asked if he received her message about who she saw in the store. Johnson had not received her message. Smith-Asbery told him she saw ▮▮▮ Johnson said, "shut the fuck up?" Smith-Asbery told Johnson about recording ▮▮▮ She saw him drinking Bud Light, drunk driving, and gambling. Smith-Asbery talked about sending the pictures she had to ▮▮▮ Johnson told Smith-Asbery, "I need some god damn money." Smith-Asbery talks about $5,000 to $10,000 and giving ▮▮▮ a week to get it or he would be under investigation before his retirement. Johnson told Smith-Asbery that she doesn't want to send it as a "blackmail type thing." Smith-Asbery told Johnson she would figure it out and mentioned a "burner phone." On July 23, 2025, Smith-Asbery told Johnson she would be getting the burner phone tomorrow. On July 25, 2025, Smith-Asbery told Johnson she was at Walmart buying the phone. She said, "I only need this shit for a couple of days."

10. The elements of Title 18, United States Code Section 875 (d) are: (1) that the defendant transmitted in interstate or foreign commerce a communication, in this case, telephone calls and text messages, (2) that the communication contained a threat to injure the property or reputation of the addressee or of another or any threat to accuse the addressee or any other person of a crime; in this case the money, property, and reputation of the victim, and (3) that the defendant did so with intent to extort any money or other thing of value from any person. Based on the included facts, I do submit there is probable cause to believe that Smith-Asbery has committed the crime of extortion, in violation of Title 18, United States Code, Section 875(d).

11. AUSA Carrie Fisher Sherard has reviewed this affidavit.

Special Agent Trevor Jorg
Federal Bureau of Investigation

SWORN TO AND SIGNED BEFORE ME.

This _8th_ day of _August_ , 2025
Greenville, South Carolina

The Honorable William S. Brown
United States Magistrate Judge

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of South Carolina  ▼

| | |
|---|---|
| United States of America<br>v. | )<br>)  Case No. 1: 25mj49<br>)<br>)<br>Evelyn Smith-Asbery | )<br>)<br>*Defendant* |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Evelyn Smith-Asbery                                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment          ❑ Superseding Indictment          ❑ Information          ❑ Superseding Information          ☑ Complaint
❑ Probation Violation Petition          ❑ Supervised Release Violation Petition          ❑ Violation Notice          ❑ Order of the Court

This offense is briefly described as follows:

Title 18, United States Code, Section 875(d)- Extortion

Date:     8/8/25

_____
*Issuing officer's signature*

City and state:     Greenville, South Carolina

William S. Brown, United States Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____<br>at *(city and state)* _____ .<br><br>Date: _____ _____<br>*Arresting officer's signature*<br><br>_____<br>*Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:    Evelyn Smith-Asbery

Known aliases:    N/A

Last known residence:    Uknown

Prior addresses to which defendant/offender may still have ties:    N/A

Last known employment:    Truck driver

Last known telephone numbers:    803-387-4829

Place of birth:    Unknown

Date of birth:    01/21/1991

Social Security number:    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

Height:    5' 7"      Weight:    163

Sex:    Female      Race:    Black

Hair:    Black      Eyes:    Brown

Scars, tattoos, other distinguishing marks:    N/A

History of violence, weapons, drug use:    N/A

Known family, friends, and other associates *(name, relation, address, phone number)*:    Christopher Johnson, boyfriend, FCI Atlanta

FBI number:    564932FD3

Complete description of auto:    N/A

Investigative agency and address:    Federal Bureau of Investigation, 222 Caughman Farm Ln. Lexington, SC 29072

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:    N/A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | MISC. NO.: 1:25mj49 |
| | ) | |
| v. | ) | |
| | ) | |
| EVELYN SMITH-ASBERY | ) | |

## **MOTION TO SEAL**

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves this Court to seal the criminal complaint, the affidavit in support of criminal complaint, the arrest warrant, this Motion to Seal, and any Order to Seal to follow in this matter. The Court has the inherent authority to seal these documents. *See Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988). The purpose of the Government's request is to protect the information contained within these documents to avoid the disclosure of an ongoing investigation at this time.

The criminal complaint and affidavit in support of criminal complaint contain information pertaining to an ongoing investigation being conducted by the Federal Bureau of Investigation, United States Marshals Service and Richland County Sheriff's Department in Columbia, South Carolina and elsewhere. Disclosure of that information would seriously jeopardize the investigation by alerting the target to the existence of the investigation, as well as to the law enforcement techniques being used therein. Further, disclosure would give the target the opportunity to destroy or tamper with evidence, change patterns of behavior, flee from prosecution, and endanger the safety of law enforcement and other individuals. For these reasons, the Government submits that the interests in sealing the criminal complaint and affidavit in support of criminal complaint outweigh the common-law public right of access, and that sealing is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Government further contends that any less restrictive measure, such as

redacting portions of the documents, would not serve to protect the interests of the Government, as knowledge of the mere existence of these documents would jeopardize the investigation in the ways articulated above. *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of a search warrant affidavit was justified when "[v]irtually every page of the of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant").

Based on the foregoing, the Government requests that the criminal complaint and affidavit in support of criminal complaint in this matter be filed under seal except that working copies should be made available to the United States Attorney's Office, FBI, USMS, and any other law enforcement agency designated by the United States Attorney's Office or FBI.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

BY: s/ Carrie Fisher Sherard
　　Carrie Fisher Sherard
　　Assistant United States Attorney
　　United States Attorney's Office

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA ) MISC. NO.: 1:25mj49
)
)
v. )
)
)
EVELYN SMITH-ASBERY )

**ORDER TO SEAL**

This matter comes before the court on motion of the United States to file the criminal

complaint, and affidavit in support of criminal complaint in this matter under seal. The purpose

of the Government's request is to protect the information contained within these documents as

release of the information would jeopardize an ongoing investigation, reveal sensitive information

about the nature and scope of the investigation, and could result in the destruction of evidence or

flight from prosecution.

Having conducted an independent review of the facts set forth in the criminal complaint,

affidavit in support of criminal complaint, as well as the reasons provided by the Government in

its sealing motion, the Court concludes that the Government's significant countervailing interest

in sealing outweighs the common-law public interest in access to such documents and that sealing

the criminal complaint, and affidavit in support of criminal complaint is "essential to preserve

higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir.

2005). In reaching this conclusion, the Court has considered alternative measures less restrictive

than sealing—such as redaction of portions of the document or documents—but finds that, at this

juncture, redaction would not protect the Government's compelling interests, as knowledge of the

mere existence of these documents, would jeopardize the investigation in the ways articulated

above and more fully in the Government's motion. *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of a search warrant affidavit was justified when "[v]irtually every page of the of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant"). Based on the foregoing, the Court finds that the interests of justice are best served by filing the criminal complaint and affidavit in support of criminal complaint under seal, except that working copies may be made available to the United States Attorney's Office, Federal Bureau of Investigation (FBI), United States Marshals Service (USMS) and any other law enforcement agency designated by the United States Attorney's Office or FBI.

Unless otherwise ordered, the documents sealed by this order shall remain sealed for one year from the date of this order, subject to extension for good cause shown and to the following unsealing protocol: Any person or party who seeks access to the documents sealed by this order may file a written motion or request to unseal. The Clerk of Court is directed to file any motion or request to unseal on the public docket. Regardless of when the motion or request is made, the documents sealed by this order shall remain sealed until the Government or other affected party has an opportunity to respond to any motion or request to unseal.

The timeframe may be extended on motion by the Government for good cause shown.

2

It is therefore **ORDERED** that the criminal complaint, the affidavit in support of criminal complaint, and the arrest warrant be filed under seal.

      **IT IS SO ORDERED.**

                                 William S. Brown
                                 United States Magistrate Judge

Greenville, South Carolina
August ___8___, 2025

3