IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.  5:25-CR-001073 |
| | ) | |
| | ) | |
| vs. | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANTS' |
| | ) | MOTION TO DISMISS INDICTMENT |
| **EVELYN SMITH ASBERY** | ) | |
| **CHRISTOPHER JOHNSON** | ) | |

The United States opposes Defendants' Motion to Dismiss Indictment because the two-count Indictment filed in this case sets forth the essential elements of conspiracy to commit extortion and extortion and, if proven, allegations sufficient to establish that Defendants committed the crimes of conspiracy to commit extortion and extortion. Based on established precedent, Defendants' motion should be denied as a matter of law.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure governs the sufficiency of an indictment and provides as follows:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charges and must be signed by an attorney for the government.  It need not contain a formal introduction or conclusion.  A count may incorporate by reference an allegation made in another count.  A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.  For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1).  "[T]he Fourth Circuit has held that an indictment is sufficient if it (i) contains every essential element of the offense charged, (ii) fairly informs the defendant of the charge against which he must defend, and (iii) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Lobo-Lopez v. United States*, 56 F.

Supp. 3d 802, 810 (E.D. Va. Oct. 23, 2014); *see also United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) ("The Supreme Court has instructed that an indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy.") (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *Collins v. Markley*, 346 F.2d 230, 232 (7th Cir.) (en banc) ("The sufficiency of an indictment is to be measured by certain guidelines. First, the indictment standing alone must contain the elements of the offense intended to be charged, and it must be sufficient to apprise the accused of the nature of the offense. Second, after conviction, the record of the case must be sufficient so that the accused can plead the judgment in bar of any subsequent prosecution for the same offense."), *cert. denied*, 382 U.S. 946 (1965).

The Indictment in this case sufficiently alleges the elements of the conspiracy to commit extortion, in violation of 18 U.S.C. § 371, and extortion, in violation of 18 U.S.C. § 875(d).  With respect to Count One, the conspiracy charge, the Indictment alleges the essential elements that (1) "two or more persons agreed to do something which federal law prohibits, that is" extortion; (2) "that the defendant knew of the conspiracy and willfully joined the conspiracy;" and (3) "that at some time during the existence of the conspiracy or agreement . . . one of the members of the conspiracy knowingly performed, in the District of South Carolina, one of the overt acts charged in the indictment in order to accomplish the object or purpose of the agreement."  *See* Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § 371 (2024 Online Edition).

Defendant Smith-Asbery admits that Count One alleges she "conspired to extort money from an individual" and that the indictment "alleges certain qualifying overt acts 'among others.'" ECF #56-1, p.6-7.  With these concessions, the Government is baffled by the argument that

Defendant Smith-Asbery does not know which overt acts she is accused of committing and that the Indictment is somehow lacking. Count One of the Indictment contains a subsection entitled "Overt Acts" and sets forth four overt acts naming Defendant Smith-Asbery in all caps. ECF #22. The plain language of the Indictment belies Defendant Smith-Asbery's allegations of insufficiency.

Defendants also allege that the Indictment is insufficient because the victim of the extortion is identified as Victim 1 rather than by name. The name of the victim is not an element of the offense. *See United States v. Loayza,* 107 F.3d 257, 260–62 (4th Cir.1997) (finding indictment, despite failure to name the victims, sufficient because it "informed the [defendant] of the charges and caused double jeopardy to attach for the purposes of any future prosecution."). Reading the Indictment as a whole sufficiently places Defendants on notice as to the identity of Victim 1. The Indictment sets forth specific dates in which Defendant Smith-Asbery communicated with Victim 1 and states that Defendant Johnson told Defendant Smith-Asbery the name of Victim 1's supervisor. In short, it is disingenuous for Defendants to allege that they are unaware of the identity of Victim 1. Because the Indictment sets forth specific acts, including the very dates that communications were made in furtherance of the conspiracy and the date of the actual extortionate threat, the Indictment adequately and justly informs Defendants as to Victim 1 and the offenses committed against Victim 1. The allegations set forth in the Indictment also allow Defendants to assert an acquittal or conviction in any future prosecutions to ensure there is no double jeopardy for the offense of extortion of Victim 1. Moreover, in raising a double jeopardy defense, Defendants would be permitted to rely on the record as a whole, not just on the Indictment. *See United States v. McHan,* 966 F.2d 134, 138 (4th Cir.1992).

With respect to Count Two, the extortion charge, the Indictment alleges the essential

elements that (1) the defendant transmitted in interstate commerce a communication; (2) that the communication contained a threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime; and (3) that the defendant did so with intent to extort any money or other thing of value from any person, firm, association, or corporation. *See* Eric Wm. Ruschky, <u>Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina</u> § 875 (2024 Online Edition).

Defendant Smith-Asbery alleges that Count Two is insufficient because it does not specify the communication, how Defendant Smith-Asbery was going to harm Victim 1's reputation or the crime that Defendant Smith-Asbery threatened Victim 1 with. Contrary to these allegations, the Indictment tracks the necessary elements of the offense and provides sufficient factual answers to each of these questions. In fact, the answers to these questions are set forth in the paragraph (d) of the overt acts of Count One and within the body of Count Two. "On or about August 6, 2025, EVELYN SMITH ASBERY spoke with Victim 1 to extort $10,000 from Victim 1 under threat of reporting Victim 1's conduct to his employer." ECF #22, p 2. The facts alleged in Count One and Count Two of the Indictment "contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Vinyard,* 266 F.3d 320, 325 (4th Cir.2001).

Defendant Smith-Asbery also alleges that the Indictment's reference to extorting "money and other things of value" lacks specificity. Other courts have concluded that language akin to Count Two's "money and other things of value" is sufficiently specific. In *Almon v. United States*, 302 F. Supp. 2d 575, 583 (D.S.C. 2004), the defendant argued that the indictment was deficient because it did not name the specific victim and property taken in the robbery. The court rejected these arguments noting that the statute does not require the indictment to specify the victim by

4

name or title "[n]or is the indictment required to specify what type of 'mail, money, or other property of the United States' was taken." *Id.* at 583, The court concluded that because the "indictment . . . alleged that 'mail, money, or other property of the United States' was intended to be stolen in the assault," this language was "sufficient to satisfy the specificity requirement." *Id.* at 583. Similarly, this Court should find that the Indictment's references to Victim 1 and "money and other things of value" satisfies the legal requirements for an indictment. ECF #22.

CONCLUSION

For the above reasons, the Government respectfully requests that this Court deny Defendants' motion to dismiss as a matter of law without an evidentiary hearing. Additionally, any argument regarding any specific need of the Defendants for additional evidence beyond the elements may be addressed in Defendants' motion for a bill of particulars which is pending before the Court.[1]

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:    s/Carrie Fisher Sherard
Carrie Fisher Sherard, FED ID. 10134
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Phone: 864-282-2100
Carrie.a.fisher@usdoj.gov

Dated: October 2, 2025

---

[1] The Government has produced the discovery in this case including copies of the electronic messages, recordings of phone calls, and reports of interviews. Defendants are well aware of the facts and circumstances of the pending charges.